UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| In re | Chapter 7 |
| Lawrence John Peterson, | Case No. 18-bk-06690-FMD |
| Debtor | |
| | |
| Amazon Capital Services, Inc., | Adv. Pro. No. _____ |
| Plaintiff, | |
| v. | |
| Lawrence John Peterson, | |
| Defendant. | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523**

Plaintiff Amazon Capital Services, Inc. ("ACS") files this complaint to object to the

dischargeability of debt owed by Lawrence Peterson to ACS pursuant to 11 U.S.C. § 523(a)(2).

In support of this complaint, Amazon states the following:

## I.      JURISDICTION AND VENUE

1.      This Court has jurisdiction over this adversary proceeding pursuant to

28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## II.      PARTIES

3.      ACS is a Delaware corporation with its principal place of business in Seattle,

Washington.  ACS is a creditor and party-in-interest in the chapter 7 case in the U.S.

Bankruptcy Court for the Middle District of Florida styled *In re Peterson*, Case No. 18-06690.

ACS filed a proof of claim (Claim No. 11) in Case No. 18-06690, which is incorporated herein

by this reference.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

4.      Defendant Lawrence Peterson is an individual, and the chapter 7 debtor in *In re Peterson*, Case No. 18-06690.

## III.    FACTS

### A.    Lawrence Peterson makes false representations to ACS to procure a loan.

5.      ACS is an affiliate of Amazon.com, Inc.  ACS offers competitive, low-cost business loans to certain sellers to support their selling businesses on Amazon.  Because Amazon is familiar with these sellers, ACS is able to simplify the loan origination, process, reduce the necessary documentation, and originate loans more quickly and efficiently than traditional small-business lenders.

6.      Mr. Peterson is the sole owner of Deerso, Inc. ("Deerso"), as well as an officer and director. Mr. Peterson owns and operates Deerso and supervises and controls its affairs.

7.      Deerso was a third-party seller on Amazon.com, selling hardware and home improvement-related merchandise.

8.      In October 2012, Deerso (by and through Mr. Peterson) borrowed $400,000.00 from ACS.  The amount of the loan has increased over the years, as reflected in separate loan agreements executed by Mr. Peterson on behalf of Deerso.

9.      In a 12-month period between early 2016 and early 2017, Deerso had sales of more than $8 million on Amazon.  Based on those sales, Deerso was eligible to seek an increase in its loan from ACS.  It did so in March 2017.

10.     On March 28, 2017, Deerso, through its officer and director Mr. Peterson, applied for a $693,000.00 loan from ACS.

11.     To obtain the loan, Mr. Peterson completed a loan application.  As part of that application, Mr. Peterson certified that all loan proceeds would be "used to directly support [Deerso's] selling business on Amazon," "everything [Mr. Peterson] stated in this Registration Form is true and correct to the best of [his] knowledge," and that both Mr. Peterson's, as the owner of Deerso, and Deerso's "credit histories are clear of bankruptcy, serious delinquency,

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

open judgment and tax liens." *See* Case No. 18-bk-06690, Claim No. 11, Ex. A ("Loan Agreement") at 1.

12.    Based on Mr. Peterson's representations contained in the Loan Agreement, along with Deerso's financial performance on Amazon, ACS approved and funded the loan.

13.    On March 28, 2017, ACS loaned $693,000.00 to Deerso with a twelve-month repayment term at an annual interest rate of 12.90% (the "Loan"). *See* Loan Agreement at 1. Mr. Peterson was listed as Deerso's "principal contact" on the Loan Agreement. *Id.* A portion of the Loan was used to pay off the balance owed on the previous ACS loans Deerso obtained. Deerso received net proceeds in the amount of $97,344.32 from the Loan.

14.    Pursuant to the Loan Agreement, Mr. Peterson agreed to make monthly payments on the Loan and agreed to make those payments from the proceeds of Deerso's sales through Amazon. *See* Loan Agreement at 2.

**B.    Deerso fails to meet its obligations and Mr. Peterson diverts the Loan proceeds.**

15.    Neither Mr. Peterson, nor Deerso acting under Mr. Peterson's direction and control, used the Loan to directly support Deerso's selling on Amazon.

16.    On April 12, 2017, two weeks after obtaining the Loan, Mr. Peterson directed $170,387.00 worth of funds from Deerso to be disbursed to him for purposes other than Deerso's Amazon selling business, including payment of unpaid tax debt that arose out of Deerso's membership in Do It Best Corp.

17.    At the time that Mr. Peterson made the representations to ACS to procure the Loan, he already knew of the tax liability to the IRS. Yet, despite knowing about the unpaid taxes, Mr. Peterson represented to ACS that both he, as the owner of Deerso, and Deerso's "credit histories are ***clear of*** bankruptcy, ***serious delinquency***, open judgment and ***tax liens***." Loan Agreement at 1 (emphasis added).

18.    Mr. Peterson had no intention of using the proceeds from the Loan exclusively in direct support of Deerso's Amazon selling business, as he promised to ACS. Instead, Mr.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

Peterson intended to use the Loan for payment of tax liabilities incurred from transactions unrelated to Amazon for his own personal benefit.

19.     Unbeknownst to ACS, while Deerso was selling on Amazon, it was also selling through multiple other channels, including its own website, www.deerso.com, as well as through competing third-party marketplaces such as eBay.  Deerso was selling hundreds of items per month through its eBay selling business during the months leading up to Mr. Peterson's representations to ACS as part of the Loan Agreement, and it continued to do so after taking out the Loan.  Mr. Peterson failed to segregate the Loan proceeds or otherwise ensure that the funds were not spent to support Deerso's selling business on eBay, instead of Amazon.

20.     Almost immediately upon obtaining the Loan, Deerso's sales on Amazon plummeted.  Indeed, in April 2017, the month after it obtained the Loan from ACS, Deerso's sales dropped by more than 50 percent.  Deerso's sales continued to drop precipitously, reaching negligible levels within three months of obtaining the Loan.  As a result, sale proceeds could not be used to make sufficient payments on the Loan.

21.     As Deerso's sales on Amazon dropped after obtaining the Loan, so did the payments on the Loan.  Although Deerso made some payments in April, May and June of 2017, Deerso failed to fulfill its payment obligations by defaulting on the Loan in July 2017.

22.     Deerso made additional partial payments on the Loan between August 2017 and December 2017, but the amount of the payments were minimal and did not bring the Loan current nor enough to pay the balance owed on the Loan.

23.     In July 2017, Mr. Peterson informed ACS that he did not intend to pay off the Loan.  In November 2017, Mr. Peterson informed ACS that he used the Loan proceeds to pay the tax debt.

24.     Thereafter, in December 2017, Larry Peterson filed for voluntary dissolution of Deerso.

4812-5275-4053v.8 0051461-002299
#63073183_v1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

25.     Mr. Peterson falsely represented and certified to ACS that the Loan proceeds would be used for Deerso's selling business on Amazon, and that the Loan would be repaid, for the purpose of deceiving ACS to fund the Loan so Mr. Peterson could use the money to pay other unrelated obligations that would benefit him at the expense of ACS.

**C.     Mr. Peterson diverts Deerso's assets.**

26.     Mr. Peterson's misrepresentations to ACS were made for the purpose of facilitating a fraudulent scheme to defraud ACS.  In particular, after Mr. Peterson falsely represented to ACS how he would use the Loan—in order to receive funds to pay an unrelated tax debt—Mr. Peterson then diverted Deerso's assets to avoid having to pay the Loan owed to ACS.

27.     Between November 2013 and February 2014, Mr. Peterson transferred to his son's company, Deerso Retail, LLC, capital and inventory from Deerso with an approximate value of $530,000.  Mr. Peterson intended this transfer of capital and inventory to be a loan, even though the parties did not memorialize the loan in writing, Mr. Peterson did not provide any deadline for which the loan must be repaid by his son, and Mr. Peterson did not charge any interest or fees for the repayment of the loan over time.

28.     In December 2016, Mr. Peterson's son, created a separate company called Family Hardware, LLC.  The majority assets of Deerso Retail were transferred to Family Hardware and commingled with Family Hardware's assets.

29.     On June 22, 2017—three months after obtaining the Loan from ACS, as Deerso's sales were plummeting and just before Deerso began missing payments on the Loan—Mr. Peterson (on behalf of Deerso) cancelled approximately $461,835 in debt owed by his son's companies to Deerso from the capital and inventory Mr. Peterson transferred from Deerso to Deerso Retail.  Mr. Peterson agreed to a payment of $50,000 from his son's company, Family Hardware, as satisfaction of the $530,000 debt owed by Family Hardware and Deerso Retail.

4812-5275-4053v.8 0051461-002299
#63073183_v1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

30.     As Mr. Peterson was attempting to wind down Deerso, the Petersons created a new entity.  On July 26, 2017—two days before Mr. Peterson first informed ACS that Deerso did not intend to repay the Loan—Laura Peterson, Mr. Peterson's wife, filed articles of incorporation with the Florida Secretary of State to create a new company called Cape Closeouts, LLC.  Mrs. Peterson's entity, Cape Closeouts, sells similar products to those sold by Deerso, operates in the same building Deerso was located, has the same mailing address as Deerso, and its registered agent is the same counsel that represented Deerso.

31.     After defaulting on the Loan, in August 2017, Mr. Peterson caused 1,500 units of Deerso's product to be removed from Amazon's fulfillment center.  This was Deerso's largest product withdrawal since August 2016.

32.     Mr. Peterson's efforts in diverting assets of Deerso, including the cancellation of debt owed by his son's company, was done for the purpose of defrauding ACS.

**D.     ACS filed an arbitration against Mr. Peterson and Deerso for the unpaid balance owed on the Loan.**

33.     On January 29, 2018, ACS filed an arbitration demand for damages for breach of contract, negligent misrepresentation and fraudulent transfer claims against Mr. Peterson, Deerso and Jeremy Peterson, Deerso's Vice President.

34.     Mr. Peterson appeared in the arbitration filed by ACS, and moved for summary judgment for dismissal of claims asserted against him personally.  The arbitrator denied Mr. Peterson's summary judgment motion.

35.     Subsequently, Mr. Peterson filed his bankruptcy case on August 10, 2018.  As a result of the bankruptcy filing, nothing further has occurred in the pending arbitration against Mr. Peterson.

36.     ACS filed a proof of claim in Mr. Peterson's bankruptcy.  *See* Case No. 18-bk-06690, Claim No. 11.  As of the petition date, the amount due on the Loan was not less than $537,672.18.  *Id.*

COMPLAINT - 6
4812-5275-4053v.8 0051461-002299
#63073183_v1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

## IV.   FIRST CAUSE OF ACTION - NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. 523(A)(2)(A)

37.     As an alter-ego of Deerso, and under theories of veil-piercing and secondary liability, Mr. Peterson is bound by the Loan Agreement and may be held liable for the outstanding obligations owed and incurred by Deerso.  Mr. Peterson owned and operated Deerso, and supervised and controlled its affairs.  Mr. Peterson personally participated in and had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct.

38.     Mr. Peterson promised to ACS that all proceeds of the Loan would be "used to directly support [Deerso's] selling business on Amazon."  Mr. Peterson agreed, and knowingly represented, that the Loan would only be used in connection with Deerso's selling business on Amazon.

39.     Mr. Peterson also represented to ACS that his and Deerso's "credit histories [were] clear of bankruptcy, serious delinquency, open judgment and tax liens" and "everything [Mr. Peterson] stated in this Registration Form is true and correct to the best of [his] knowledge."  *See* Loan Agreement at 1.

40.     Mr. Peterson's representations of fact were material, because absent the representations, ACS would not have agreed to fund the Loan.

41.     Mr. Peterson's representations and promises to ACS were false.

42.     The Loan was not used to directly support Deerso's selling business on Amazon, but instead was used for unrelated purposes, including payment of tax debt.  Mr. Peterson converted the proceeds of the Loan for his own benefit, unrelated to Deerso's Amazon selling business.

43.     Mr. Peterson failed to disclose the tax liability for which he used the Loan to pay and instead falsely represented that his and Deerso' credit histories were clear of any serious delinquency, open judgment and/or tax liens.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

44.     Through false pretenses, false representations, and actual fraud, Mr. Peterson procured the Loan from ACS.

45.     Mr. Peterson intended that ACS rely on his representations, knew that the representations were false, and made the representations to induce ACS to fund the Loan to Deerso so that the Loan could be used for other purposes unrelated to Deerso's selling business on Amazon.

46.     ACS justifiably relied on Mr. Peterson's false representations in extending the Loan to Deerso.

47.     Mr. Peterson's misrepresentations to ACS were made for the purpose of facilitating a fraudulent scheme to defraud ACS.  Mr. Peterson falsely represented how he would use the Loan so he could obtained the funds to pay an unrelated tax debt.  Mr. Peterson then diverted Deerso's assets to avoid having to pay the Loan by causing Deerso's product to be removed from Amazon's fulfillment center, causing Deerso's sales on Amazon to significantly decline after the Loan was funded by ACS, and cancelling $461,835 in debt owed to Deerso by his son and his son's company Family Hardware.

48.     ACS has sustained damages as a result of Mr. Peterson's false representations and fraudulent scheme, including the amount of the Loan that remains unpaid, which, as of the petition date, was not less than $537,672.18.

49.     The debt owed to ACS is non-dischargeable as it is a debt for money, property, or services that was obtained by false pretenses, a false representation, or actual fraud within the meaning of Section 523(a)(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, ACS requests that the Court enter judgment:

1.     Determining that ACS's claim against Lawrence Peterson is non-dischargeable under 11 U.S.C. § 523(a)(2)(A);

4812-5275-4053.v.8 0051461-002299
#63073183_v1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax

2.      Liquidate ACS's claim and enter a judgment in its favor and against Lawrence

Peterson for sums owing to ACS as a result of Mr. Peterson's fraudulent conduct; and

3.      Granting ACS such other relief as the Court deems appropriate.

DATED this 31st day of January, 2019.

*Counsel for Amazon Capital Services, Inc.*

HOLLAND & KNIGHT LLP

By:    /s/ Brian A. McDowell
       Brian A. McDowell, Florida Bar No. 765521
       Robert W. Davis, Jr., Florida Bar No. 84953

200 South Orange Avenue, Suite 2600
Orlando, Florida 32801
Phone:  (407) 425-8500
Fax: (407) 244-5288
Email: brian.mcdowell@hklaw.com
       robert.davis@hklaw.com

-AND-

DAVIS WRIGHT TREMAINE LLP
Jordan Clark, WSBA No. 49659 (*admitted pro hac*)
Lauren Dorsett, WSBA No. 43110 (*motion for admission pro hac vice forthcoming*)

920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone:  (206) 622-3150
Fax: (206) 757-7700
Email: laurendorsett@dwt.com
       jordanclark@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104-1610
206.622.3150 main • 206.757.7700 fax